# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CRISTOBAL FUENTES-LOPEZ, ) <br> ) <br> Petitioner, ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Case No.:   2:10-cr-00397-GMN <br><br> **ORDER** |

Petitioner filed a timely Motion to Vacate his sentence pursuant to Title 28 U.S.C. § 2255 (ECF No. 27) and the government filed a timely Response (ECF No. 30).  Petitioner claims, "[t]he inexistence of a Fast Track program for Immigration offenses in Nevada created a geographical sentencing disparity for similarly situated defendants such as myself.  …Had I been afforded this departure (and had it been available in the State of Nevada) my sentence would have been substantially less."

Petitioner could have raised this claim on direct appeal but did not do so.  Therefore, his claim appears to be procedurally defaulted and barred. *U.S. v. Ratigan*, 351 F.3d 957, 862 (9th Cir. 2003).  Before this Court may consider his claim, Petitioner is required to first demonstrate cause and prejudice. *Massaro v. U.S.*, 538 U.S. 500, 504 (2003).  To determine if Petitioner's claim is procedurally defaulted, this Court will afford Petitioner the opportunity to establish cause and prejudice. See *Day v. McDonough*, 547 U.S. 210 (2006).

Accordingly, Petitioner will be given 28 days from the entry of this Order to file his Reply addressing this requirement and the arguments raised by the government in its Response (ECF No. 30).  Petitioner must demonstrate both cause excusing his procedural default and actual prejudice resulting from the claim of error. *U.S. v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996).

The government will have the opportunity to respond to the Petitioner's Reply by filing a Sur-Reply 21 days thereafter.

**DATED** this 12th day of August, 2013.

_____
Gloria M. Navarro
United States District Judge